13797.   ATLANTA JOINT TERMINALS *v.* WALTON
DISCOUNT COMPANY.

The assignment of wages in this case, as shown on the face of the instrument and by other evidence, was not taken as security for a loan, but the transaction was a sale, and was not within the provisions of the act of 1920 (Ga. L. 1920, p. 215) "to license and regulate the business of making loans in sums of $300 or less," and "regulating the assignment of wages or salaries earned when taken as security for any such loan."
DECIDED NOVEMBER 16, 1922.

Certiorari; from Fulton superior court — Judge George L. Bell. June 1, 1922.

*W. O. Wilson,* for plaintiff in error.   *Jackson & Echols,* contra.

BLOODWORTH, J.   The Walton Discount Company brought suit against the Atlanta Joint Terminals in the municipal court of Atlanta, upon a sale and assignment of wages made to Walton Discount Company by one Grant. Judgment was rendered against the defendant, certiorari was sued out, the certiorari was overruled, and the defendant excepted.

The controlling issue in the case is whether or not the Walton Discount Company was precluded from collecting these wages because they had not paid the license due under the act of 1920 regulating loan business (Ga. L. 1920, p. 215, 222). It was admitted by the plaintiff that it had not paid this license and was not doing business under the provisions of this act. It was not contended that the plaintiff had not paid any other license or that it was doing business without a license, and there was no issue as to that. The issue therefore resolves itself into the question whether or not the transaction under consideration was such an one as would come under the act referred to. This act is "an act to license and regulate the business of making *loans* in sums of $300 or less," and "regulating the assignment of wages or salaries earned *when taken as security for any such loan*" (italics ours).

The application of Grant to the Walton Discount Company is as follows: " Application to *sell* salary or wage account. Georgia, Fulton County. The undersigned hereby makes application to Walton Discount Co. to *sell* an undivided interest in my account for salary or wages already earned and to be earned by the undersigned in the employ of Atlanta Joint Terminals, in the capacity of switchman, under my contract of employment from February 1, 1921, to February 28, 1921. The account the undersigned desires to *sell* and assign is for the amount of $74.50, and, in order to induce the said *buyer and assignee* to buy said account, I hereby agree to take for the same the sum of $71.00. The undersigned further represents that there are no offsets, assignments, attachments, counterclaims, or encumbrances of any character whatsoever against the account herein referred to, and that said account is true, just, and unpaid, and that the undersigned has not heretofore sold or assigned the same. *It is distinctly understood by all parties to this transaction that this is to be an absolute and unconditional sale and assignment of the money and account herein above described.* The undersigned herein represents that he is over 21 years of age. This the 28 of Feby., 1921. F. L. Grant." (Italics ours.) The sale or assignment is in part as follows: " Atlanta, Ga., Feby. 28, 1921, $74.50. For value received, I have *bargained, sold, and assigned* to Walton Discount Company of my account for salary or wages already and to be earned under my contract of employment from Feby. 1, 1921, to Feby. 28, 1921, in the employ of the party, firm, or corporation to whom this is directed, in the capacity of switchman. The party, firm, or corporation to whom this is directed is hereby ordered to pay said assignee the sum of money hereinbefore stated. . . It is understood by the undersigned that the said assignee has the option of notifying the party, firm, or corporation to whom this is directed of the fact of this *sale and assignment* having been made to said assignee at any time said assignee may choose to do so. This transaction is a *straight purchase and assignment* by and to said assignee of the account for salary or wages of the undersigned. . . Atlanta Joint Terminals please pay said assignee or order $74.50 of the money due me, the undersigned, and charge same to my account and accept this instrument as a voucher against me for the same. A duplicate of this *bill of sale and assignment* is by me waived. F. L. Grant." (Italics ours.)

W. B. Lawrence, one of the owners of the plaintiff company, testified that "the Walton Discount Company is engaged in the business of *purchasing salaries. They do not lend money.* . . If a man is working for a railroad and has fifteen or twenty days salary, we buy that salary. . . We actually paid F. L. Grant $71 on the assignment sued on in this case. He has never brought it back and never paid it to us." (Italics ours. ) The evidence further shows that the sale was on the last day of February, for wages earned during the month of February. In other words, Grant sold that for which he had a right of action against the Atlanta Joint Terminals. Atlanta Joint Terminals answered that Grant earned in February, 1921, the sum of $62.64, and it was for this amount that judgment was entered against them.

It is thus shown on the face of the instruments, as well as by the other evidence, that the transaction was a *sale;* that it was not a loan, and that the assignment was taken for the purpose of collecting what had been sold, and not taken as security for a loan. This being true, it was not such a transaction as would come under the act regulating loans, above referred to, and the failure to pay the license provided for by that act would not preclude the plaintiff from collecting these wages which it bought.

The judgment rendered by the municipal court was demanded by the evidence, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*